IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan L., ) | Case No.: 8:21-cv-02314-JD-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation" or "Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Jonathan L.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying him Supplemental Security Income ("SSI"). The Magistrate Judge issued a Report and Recommendation on May 10, 2022, recommending the Commissioner's decision be reversed and remanded for further administrative review. (DE 12.) On May 24, 2022, the Commissioner filed Objections to the Report and Recommendation, contending the Administrative Law Judge's (ALJ) determination was supported by substantial evidence. (DE 13.) Plaintiff filed a Reply in support of the Report. (DE 14.)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

Having carefully considered the Commissioner's objections and the applicable law, the Court adopts the Report and Recommendation and reverses the decision of the Commissioner and remands this matter for further administrative review.

## **BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 12.) However, as a brief background relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff filed an application for SSI on November 19, 2019, claiming an onset of disability on October 16, 2018. The claim was denied initially and on reconsideration by the Social Security Administration.

Plaintiff was 29 years old at the time of the hearing. Plaintiff completed a 12th grade education. Plaintiff testified to multiple impairments including inability to stand for long periods of time; numbness/tingling in extremities; clavicle posterior spine fusion on March 23, 2018; seizures; anxiety; depression; and acid reflux. The sequential evaluation process, as set out in the Federal Regulations is followed for all disability cases. The Administration's evaluation of a disability claim is a five-step process. The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds the "listings" of specified impairments, or claimant otherwise does not possess the residual functional capacity to (4) perform his past work or (5) any other work. See 20 C.F.R. § 404.1520 (1998).

The first step is whether Plaintiff has engaged in substantial gainful activity, and the ALJ found that Plaintiff had not engaged in any substantial gainful activity since his application date of March 29, 2016. (DE 7-3, p. 26.) The second step is a determination of whether Plaintiff suffers from one or more severe impairments. At this step, the ALJ must consider whether the combined

effect of all of Plaintiff's impairments are severe without regard to whether each impairment, if considered individually, would be severe. The ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical and lumbar spine and obesity." (DE 7-3, p. 26.) The ALJ also found that these "medically determinable impairments significantly limit [his] ability to perform basic work activities as required by SSR 85-28." (Id.) Step three requires a determination on whether Plaintiff's impairments, individually or in combination, meet or equal a listing. The ALJ found that Plaintiff did not meet a listing.

Specifically, the ALJ rejected Plaintiff's primary pain management physician Dr. Michael T. Grier's ("Dr. Grier") opinion that Plaintiff would be off task 15% of the day on the basis that this limitation was inconsistent with Dr. Grier's own records and the record as a whole. (DE 7-2, p. 26.) The ALJ stated Dr. Grier at different times described with differing degrees of certainty the possibility that Plaintiff suffered from post-laminectomy syndrome. (Id.) The ALJ notes that on one occasion—in an August 3, 2020, note—Dr. Grier stated that Plaintiff "probably has an element of cervical post-laminectomy syndrome" (DE 7-7, p. 154); about three months later—in a November 2, 2020, note—he stated that it was "probable" that Plaintiff had that condition (DE 7-7, p. 171); and then in a February 5, 2021, letter, Dr. Grier definitively diagnosed the condition (DE 7-7, p. 172). The ALJ also cites the fact that Plaintiff does not take narcotic medications as inconsistent with Dr. Grier's view that he would be off task 15% of the workday. (DE 7-2, p. 26.) However, Dr. Grier specifically noted that he found opiates lacked long-term efficacy in treating Plaintiff's type of neuropathic pain. (DE 7-7, p. 152.) Additionally, Dr. Grier reported some level of success with baclofen and levetiracetam, at least for a time. (DE 7-7, p. 144.) The ALJ also highlighted a time when Plaintiff went seven months—from December 30, 2019, to August 3,

2020—between visits to Dr. Grier, a period during which Plaintiff only had a three-month supply of medication. (DE 7-7, p. 154.)

Step four requires the ALJ to determine whether Plaintiff could return to past relevant work. At Step five, the ALJ found that Plaintiff retained the following RFC:

> I find that the claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except the claimant can operate hand controls bilaterally on a frequent basis. He can occasionally reach overhead to the left, and occasionally reach overhead to the right. The claimant can climb ramps and stairs occasionally; he can never climb ladders, ropes, or scaffolds; he can balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can never work at unprotected heights; he can never work around moving mechanical parts; and he can occasionally be exposed to vibrations.

(DE 7-2, pp. 21-22.) Considering Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that the Plaintiff could perform. (DE 7-2, p. 27.) Thus, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, since November 19, 2019, the date the application was filed. (DE 7-2, p. 28.)

## **LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation

only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only— "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

The Commissioner objects to the Report and Recommendation on the basis that the Report improperly concluded that the ALJ erred in evaluating Dr. Grier's medical opinion. (DE 13, p. 1.) The Commissioner contends substantial evidence supports the ALJ's determination that Dr. Grier's opinion was moderately, but not entirely, persuasive. (DE 13.) Specifically, the Commissioner objects to the Report's suggestion that the Commissioner made an impermissible "post-hoc offering" regarding the inconsistency between Dr. Grier's opinion that Plaintiff would be off-task for 15% of the working day as compared to evidence suggesting Plaintiff's deficits in concentration, persistence, and pace are only mild, i.e. Plaintiff reported activities of cleaning, art, household chores, and watching television. (DE 13.) The Report ably and comprehensively discussed the consistency of Dr. Grier's opinions, to include a chronology of the possibility of post-laminectomy syndrome, then probability thereof, and finally a specific diagnosis thereof. (DE 12, pp. 24-25.)

Further, the lack of narcotic medications prescribed to Plaintiff are equally unpersuasive because the Report notes Dr. Grier's opinion that opiates lack long-term efficacy in treating Plaintiff's type of neuropathic pain. (DE 12, p. 25.) The "post-hoc offering" to which the Commissioner cites is in a secondary footnote to the Report's identification of the ALJ's citation to a gap in pain management treatment from December 2019 to August 2020, during which Plaintiff was only prescribed a three month supply of pain medication. However, the Report correctly notes that the ALJ fails to explain what, if any, fact(s) he infers from Plaintiff's apparent gap in treatment.

Given the record as a whole, the Commissioner's mere disagreement as to the SSI decision is not persuasive. Therefore, the Report properly considered the evidence in the record, the Commissioner's objections are overruled, and the Court reverses the Commissioner's decision and remands this case for further administrative review.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation and reverses the Commissioner's decision and remands this case for further administrative review.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

September 14, 2022
Florence, South Carolina

7